UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| NYRON DUMAS, | : | |
| :--- | :--- | :--- |
| Petitioner, | : | |
| | : | PRISONER |
| v. | : | Case No. 3:04cv1810 (SRU) |
| | : | |
| JAMES DZUMNDA, ET AL., | : | |
| Respondents. | : | |

**RULING ON MOTION TO DISMISS**

The petitioner, Nyron Dumas, is currently incarcerated at the Northern Correctional Institution in Somers, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charge of manslaughter in the first degree. Respondents filed a motion to dismiss, arguing that Dumas's claims were time-barred. For the reasons set forth below, the respondents' motion to dismiss is granted.

**I.      Background**

On December 8, 1999, in the Connecticut Superior Court for the Judicial District of Milford, Dumas was sentenced to thirty years of imprisonment pursuant to his guilty plea to Manslaughter with a Firearm in the First Degree in violation of Connecticut General Statutes § 53a-55(a). (See Am. Pet. Writ Habeas Corpus at 2.) Dumas did not file a direct appeal of his conviction. (See id.)

On February 9, 2001[1], Dumas filed a petition for writ of habeas corpus in state court

---

[1] The habeas petition is dated February 9, 2001, but the court did not grant Dumas's application to proceed without payment of fees and did not assign Dumas a case number until February 28, 2001. The Second Circuit has held that a pro se prisoner's petition for writ of habeas corpus is considered filed as of the date the prisoner gives the petition to prison officials to be forwarded to the court. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (extending prisoner

alleging ineffective assistance of counsel. See Dumas v. Commissioner of Correction, No. CV01-0448643-S. On May 31, 2002, after a hearing on the merits, a Connecticut Superior Court Judge denied the petition. See Dumas v. Commissioner of Correction, No. CV02-0345928-S, 2002 WL 1446670 (Conn. Super. Ct. May 31, 2002). On October 28, 2003, the Connecticut Appellate Court affirmed the denial of Dumas's habeas petition. See Dumas v. Commissioner of Correction, 80 Conn. App. 62, 66, 833 A.2d 923, 925 (2003). On December 16, 2003, the Connecticut Supreme Court denied Dumas's petition for certification to appeal from the decision of the Connecticut Appellate Court. See Dumas v. Commissioner of Correction, 267 Conn. 905, 838 A.2d 212 (2003). Dumas commenced this action on September 26, 2004, the day that Dumas signed the certification attached to the petition for writ of habeas corpus and presumably mailed the petition to the court. See Noble, 246 F.3d at 97.

## II. Discussion

### A. Was Dumas's Federal Habeas Petition Timely Filed Under the Antiterrorism and Effective Death Penalty Act?

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d), establishes a one-year statute of limitations for filing a federal habeas corpus petition challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

---

mailbox rule to pro se habeas corpus petitions) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)), cert. denied, 534 U.S. 886 (2001). Applying the mailbox rule to the state habeas petition, it is deemed to have been filed on February 9, 2001, the day Dumas presumably mailed it to the court.

>                latest of--
>                         (A) the date on which the judgment became final by the
>                         conclusion of direct review or the expiration of the time for
>                         seeking such review;
>                         (B) the date on which the impediment to filing an
>                         application created by State action in violation of the
>                         Constitution or laws of the United States is removed, if the
>                         applicant was prevented from filing by such State action;
>                         (C) the date on which the constitutional right asserted was
>                         initially recognized by the Supreme Court, if the right has
>                         been newly recognized by the Supreme Court and made
>                         retroactively applicable to cases on collateral review; or
>                         (D) the date on which the factual predicate of the claim or
>                         claims presented could have been discovered through the
>                         exercise of due diligence.
>                (2) The time during which a properly filed application for State
>                post-conviction or other collateral review with respect to the
>                pertinent judgment or claim is pending shall not be counted toward
>                any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir.), cert. denied, 531 U.S. 840 (2000). The Second Circuit has held that the limitations period begins to run upon completion of direct appellate review in state court and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. See 28 U.S.C. § 2244(d)(2) (statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim in pending"); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (pending federal habeas petition does not toll statute of limitations under 28 U.S.C. § 2244(d)(2)).

In this case, Dumas pled guilty to one count of manslaughter in the first degree on December 8, 1999, and was sentenced to thirty years of imprisonment. The petitioner did not file a direct appeal of his conviction or sentence within the time permitted by Connecticut Practice Book § 63-1(a). Thus, once the time for filing a direct appeal to the Connecticut Appellate Court expired without a direct appeal being filed, the possibility of petitioning the United States Supreme Court for certiorari became moot. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (noting that, where petitioner did not appeal conviction, petitioner's conviction became final at expiration of time to file direct appeal in state court). Accordingly, Dumas's conviction became final on December 28, 1999, and the limitations period for filing his federal habeas petition commenced on December 29, 1999.

Dumas filed his state habeas petition on February 9, 2001, more than thirteen months after his conviction became final – thus, the statute of limitations for filing his federal habeas petition had expired before Dumas filed his state habeas petition. His state habeas proceedings tolled the statute of limitations for filing his federal habeas petition, but only from February 9, 2001 until December 16, 2003, the date upon which appellate review of his state habeas petition concluded. Dumas then filed his federal habeas petition on September 26, 2004, more than nine months after his state habeas proceedings concluded. In sum, more than one year had expired (approximately twenty-two months) between the date upon which Dumas's conviction became final and the date upon which Dumas filed his federal habeas petition, even excluding the time period during which Dumas pursued his state habeas petition. Dumas thus filed his federal habeas petition after the statute of limitations expired.

  B. <u>Should the Statute of Limitations Be Tolled Because Dumas Alleged That His Attorney Failed to Timely File His Federal Habeas Petition?</u>

Dumas alleges that he filed his federal habeas petition out of time because his appointed counsel failed to timely file his habeas petition and that, more generally, his counsel was ineffective. The Second Circuit has held that the limitations period set forth in 28 U.S.C. § 2244(d) and the one-year grace period may, under limited circumstances, be equitably tolled. See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002) ("the fact that § 2244(d)(2) does not cause exclusion of the federal petition's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds."); Smith, 208 F.3d at 15-17 (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time," and that the petitioner "acted with reasonable diligence throughout the period he seeks to toll." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). The petitioner is further required to "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Id.

The Second Circuit has considered similar circumstances in which petitioners sought to toll the statute of limitations based upon attorney error. In Smaldone v. Senkowski, 273 F.3d 133 (2d Cir. 2001), the Second Circuit held that "attorney error [is] inadequate to create the extraordinary circumstances [that] equitable tolling requires." Id. at 138.

In Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003), however, the Second Circuit noted that its holding in Smaldone was not absolute. Id. at 152 ("Smaldone does not dictate that the actions of a petitioner's attorney could never constitute 'extraordinary circumstances.'"). "It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some

5

point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." Id. The Baldayaque Court held that "an attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period of AEDPA." Id.

The Baldayaque Court then applied the facts of the case before it to its holding. The Court distinguished other cases, such as Smaldone, in which the Second Circuit had found that attorney error did not constitute an "extraordinary circumstance" sufficient to toll the statute of limitations. It found that "the attorney[] in Smaldone . . . made simple mistakes about the rules applied to the deadlines for filing of habeas petitions. Such mistakes are ordinary." Id. By contrast, the attorney's conduct in the case before it was "extraordinary" because, "[i]n spite of being specifically directed by his client's representatives to file a '2255,'" the attorney "failed to file such a petition at all. By refusing to do what was requested by his client on such a fundamental matter," the attorney "violated a basic duty of an attorney to his client." Id. The Baldayaque Court further observed that the attorney had violated multiple other fundamental rules of professional responsibility, such as failing to perform legal research on the client's case, failing to speak to or meet with the client, failing to keep the client reasonably informed about the status of his case, and failing to sufficiently explain the case to the client to enable him to make informed decisions about his representation. Id. The Baldayaque Court thus concluded that the attorney's conduct fell "far enough outside the range of behavior that reasonably could be expected by a client that may be considered 'extraordinary.'" Id.

In this case, Dumas has not alleged similar circumstances. Even liberally construing Dumas's pro se pleadings to assert the strongest arguments they suggest, as I must, see Abbas v. Dixon, 2007 U.S. App. LEXIS 4437, *5 (2d Cir. 2007), Dumas's pleadings are devoid of

allegations to support the proposition that his attorney's conduct was sufficiently egregious to meet the standard for "extraordinary circumstances" as set forth in Baldayaque. Instead, Dumas's pleadings are very brief and conclusory. He fails to allege, for example, that his attorney refused a direct request to file his habeas petition, or that his attorney failed to perform research, or that his attorney failed to keep him sufficiently informed of his case so that he could make informed decisions about his representation. Accordingly, tolling is not appropriate.[2]

### III. Conclusion

Because Dumas's claims are time-barred, Respondents' Motion to Dismiss [**doc. #17**] is **GRANTED**.

In addition, the Supreme Court has held that:

[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court also stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. I conclude that a plain

---

[2] Even if Dumas did allege that his lawyer's errors met the egregiousness standard for equitable tolling set forth in Baldayaque, he has failed allege facts to support a causal link between his attorney's conduct and his failure to meet the one-year statute of limitation. See Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004) (holding that "the act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition," and that "petitioners often are fully capable of preparing and filing their habeas petitions pro se, and pro se status does not in itself constitute an extraordinary circumstance meriting tolling").

procedural bar is present here; no reasonable jurist could conclude that the petitioner timely filed his petition. Accordingly, a certificate of appealability will not issue. The Clerk shall close the file.

**SO ORDERED** this 1st day of May, 2007 at Bridgeport, Connecticut.

                                                                          /s/ Stefan R. Underhill
                                                                          Stefan R. Underhill
                                                                          United States District Judge